IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Cheryl Sartor, ) | Civil Action No.: 3:11-cv-02703-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Joseph R. McCrorey.[1] Plaintiff Cheryl Sartor brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act ("the Act"). In his R&R, the Magistrate Judge recommends reversing the decision of the Commissioner and remanding the matter for further administrative action.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff applied for disability insurance benefits and supplemental security income benefits on January 3, 2008, alleging that she became disabled on November 17, 2007. The applications were denied initially and on reconsideration. Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). That hearing was held on September 15, 2009, and Plaintiff appeared and testified. A vocational expert also testified. The ALJ issued a decision dated November 17, 2009, finding that Plaintiff was not disabled. The ALJ's overall findings were as follows:

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2012.

2. The claimant has not engaged in substantial gainful activity since November 17, 2007, the alleged onset date (20 CFR 404.1571, *et seq.*, and 416.971 *et seq.*).

. . .

3. The claimant has the following severe impairments: cervical degenerative disc disease, lumbar neuritis, and mood disorder (20 CFR 404.1520(c) and 416.920(c)).

. . .

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

. . .

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). She can lift 10 pounds frequently and 20 pounds occasionally and sit, stand or walk for six hours each in an 8-hour workday. She is limited to frequent pushing/pulling, overhead reaching and fingering with upper extremities, frequent climbing steps/stairs, balancing, crawling, or kneeling, occasional stooping or crouching and detailed, not complex work, SVP 3-4, with occasional public contact. She can never climb ladders, ropes or scaffolds.

. . .

6. The claimant is capable of performing past relevant work as a parts inspector. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

. . .

7. The claimant has not been under a disability, as defined in the Social Security Act, from November 17, 2007, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

Tr. 16-26.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review. On October 6, 2011, Plaintiff filed this action seeking judicial review of the Commissioner's final decision. Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 14, 15, 16, and the Magistrate Judge issued his Report and Recommendation ("R&R") on December 12, 2012, recommending that the Commissioner's decision be reversed and remanded, R&R, ECF No. 18. The Commissioner filed timely objections to the R&R on January 2, 2013, Def.'s Objs., ECF No. 19, and Plaintiff replied on January 7, 2013, Pl.'s Reply, ECF No. 20.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir.

1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DETERMINATION OF DISABILITY**

Under the Act, Plaintiff's eligibility for the benefits she is seeking hinges on whether she is under a "disability." 42 U.S.C. § 423(a). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) "residual functional capacity," *id.* §§ 404.1560(a) & 416.960(a); (2) age, *id.* §§ 404.1563 & 416.963; (3) education, *id.* §§ 404.1564 & 416.964; (4) work experience, *id.* §§ 404.1565 & 416.965; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* §§ 404.1566 & 416.966. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). The interrelation

between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

## ANALYSIS

The Magistrate Judge recommends reversing the Commissioner's decision and remanding the case for further administrative action. Specifically, the Magistrate Judge concludes that "[i]t is unclear from the record whether the ALJ complied with the requirements of SSR 8[2]-62" and whether the ALJ made "adequate findings of fact as to the physical and mental demands of Plaintiff's past job as a parts inspector." R&R 13. In light of the Magistrate Judge's ruling, he declined to address Plaintiff's two remaining issues: whether the ALJ failed to make a proper credibility analysis and whether the Appeals Council erred in evaluating new evidence from a treating physician. Accordingly, he recommends that the Commissioner take them into consideration on remand. *Id.* at 14.

The Commissioner objects to the Magistrate Judge's recommendation, arguing that "the ALJ is entitled to rely upon the testimony of a vocational expert to support a finding that claiming can perform her past relevant work." Def.'s Objs. 2. He maintains that the vocational expert had reviewed the record and was qualified to testify about Plaintiff's past relevant work and whether she could perform it given her severe impairments. Furthermore, he contends that a finding otherwise would improperly shift the burden of proof from Plaintiff to the Commissioner at step four of the

6

sequential evaluation and that Plaintiff "did not provide any evidence or argument that she was unable to perform the requirements of her past relevant work as a parts inspector." *Id.* at 4.

As the Magistrate Judge notes, SSR 82-62 requires that the ALJ make specific findings of fact in determining "that an individual has the capacity to perform past relevant work." There must be findings (1) "as to the individual's [residual functional capacity]," (2) "as to the physical and mental demands of the past job/occupation," and (3) "that the individual's [residual functional capacity] would permit a return to his or her past job or occupation." SSR 82-62. Those specific findings, like all other findings of fact the ALJ makes, must be supported by substantial evidence. Moreover, federal regulations provide that an ALJ "will ask [a claimant] for information about work [she has] done in the past." 20 C.F.R. § 404.1560(b)(2); *see also* SSR 82-62 ("The claimant is the primary source for vocational documentation.").

Here, other that the vocational expert's testimony, the Commissioner, in his objections, fails to point to any evidence in the record to adequately support a finding concerning the physical and mental demands of Plaintiff's past work as a parts inspector. Indeed, the only references in the record by Plaintiff to her past job as a parts inspector were in job title only.[2] Tr. 178, 194, 205. At the hearing, she provided no description or evidence as to the actual physical and mental demands of her past work as a parts inspector. If the ALJ is to make a finding that Plaintiff can perform her past relevant work, then his finding must be supported by the record and comply with SSR 82-62 and federal regulations. Without taking any evidence of Plaintiff's past work as a parts inspector at the hearing, the ALJ's finding was improper. As recommended by the Magistrate Judge, the Commissioner, on remand, is "to determine whether Plaintiff can perform her past relevant work as a parts inspector (and continue the sequential evaluation process if necessary) and to evaluate

---

[2] While the title of parts inspector appears in the record, the ALJ never questioned Plaintiff at the hearing regarding her past relevant work as a parts inspector.

7

Plaintiff's credibility in light of all of the evidence (including the new evidence submitted to the Appeals Council)." R&R 14.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, including the briefs, the Magistrate Judge's R&R, the Commissioner's objections, and applicable law. For the reasons set forth above and by the Magistrate Judge, the Court hereby overrules the Commissioner's objections and adopts and incorporates by reference the R&R of the Magistrate Judge. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. §§ 405(g), and the case is **REMANDED** to the Commissioner for further proceedings as set forth herein.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
March 5, 2013