IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Cheryl Sartor, | ) | Civil Action No. 3:11-cv-02703-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On June 3, 2013, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the defendant in this action was not substantially justified. Defendant filed a response on June 18, 2013. In the response, the government asserts that the motion should be denied because its position was substantially justified. The commissioner does not contest the amount of requested fees but asserts that any fees awarded should be made payable to the plaintiff and not her attorney. Plaintiff filed a Reply on June 28, 2013, in which she responds to the Commissioner's arguments and also requests additional fees for her counsel's time in responding to those arguments.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing substantial justification. Thompson v. Sullivan, 980 F.2d 280 (4th Cir. 1992). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

The standard to be applied in determining whether the Commissioner was "substantially justified" for purposes of determining whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).

> The government's position must be substantially justified in both fact and law. . . In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts. After prevailing in the underlying suit, a petitioner may rely on either a prelitigation position or a position taken during litigation as a predicate for fees. However, where the government's unjustified prelitigation position forces the petitioner to institute the suit, the government is liable for fees for the whole suit, notwithstanding that it asserts justifiable positions in the various subsidiary disputes that may arise during litigation.

Thompson v. Sullivan, 980 F.2d at 281-282.

The defendant contends that her position was substantially justified because she "relied on agency regulations that allow vocational expert testimony to establish the demands of a claimant's past relevant work, as well as Fourth Circuit precedent that it is reasonable to rely on a vocational expert due to her training, experience, and knowledge." (ECF No. 28, p. 4) Plaintiff counters that "the regulation and case law relied on by defense counsel did not offer any assistance to the case at hand. Defense counsel relied on 20 C.F.R. § 404.1560(b)(2). This regulation indicates that the ALJ may use a vocational expert's testimony to supplement information from a claimant. In this case, no information was obtained from Sartor." (ECF No. 29, p. 2) Plaintiff also asserts that the case law cited "either referred to the commissioner's Step 5 burden or dealt with cases where there was actual testimony and evidence regarding the claimant's past work. In this case defense counsel never disputed that no detailed information about past relevant work was obtained from Sartor." Id.

This court believes on the record before it that the defendant's actions were not substantially justified and that an award of attorney's fees is appropriate. This Court adopted the Report of the

Magistrate Judge, reversed the Commissioner's decision, and remanded the case "to determine whether Plaintiff can perform her past relevant work as a parts inspector (and continue the sequential evaluation process if necessary) and to evaluate Plaintiff's credibility in light of all of the evidence (including the new evidence submitted to the Appeals Council)."  (ECF No. 23, p. 7-8)

On the basis of the above, the Court finds the position of the government was not substantially justified and that the plaintiff should be awarded attorney's fees pursuant to EAJA.   The Court also finds the request for additional attorney's fees for preparation of the Reply to be reasonable.  Therefore, The Court awards the plaintiff attorney fees in the amount of $5,805.00 ( 14.5 hours of attorney time x $180.00 per hour plus 35.5 hours of paralegal time x $90.00 per hour).

Regarding the appropriate payee of the check, the United States Supreme Court has determined that the party and not the attorney is the prevailing party under the EAJA statute. Astrue v. Ratliff, 130 S.Ct. 2521, 2528-29 (2010). In the case at bar, the government takes the position that the decision whether to waive the Act and accept an assignment is in the sole discretion of the government. The plaintiff has not made any argument against this. The Court accordingly orders that the EAJA attorney's fee payment should be made payable to the plaintiff as the prevailing party rather than the attorney. However, the check should be mailed to the attorney, with notice of this mailing being sent to the plaintiff.

**IT IS SO ORDERED**.

 s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

December 3, 2014  
Florence, South Carolina